**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1048**

In re:  ANDRIS PUKKE, a/k/a Marc Romeo, a/k/a Andy Storm, individually and as an officer or owner of Global Property Alliance, Inc. (also doing business as Sanctuary Bay, Sanctuary Belize, The Reserve, Kanantik, Laguna Palms, Bamboo Springs, Eco Futures, Eco Futures Development, Eco Futures Belize),

Petitioner.

On Petition for Writ of Mandamus.  (1:18-cv-03309-PJM)

Submitted:  February 27, 2020                           Decided:  March 10, 2020

Before GREGORY, Chief Judge, and WYNN and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Andris Pukke, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Federal Trade Commission ("FTC") filed a complaint against Andris Pukke and a number of other defendants, both individuals and entities, alleging a massive telemarketing scheme based on the sale of real estate development lots in Belize. The FTC alleged that some of the conduct forming the basis for its complaint also violated a final order entered in a prior suit between the FTC and Pukke in the same district court, *FTC v. AmeriDebt, Inc.*, No. 03-3317-PJM (D. Md.) ("*AmeriDebt*"). The FTC filed motions in *AmeriDebt* to hold Pukke in contempt, and the district court consolidated all of the proceedings. Pukke petitions for a writ of mandamus ordering the district court judge recuse himself based on statements the judge made throughout both the current action and the prior *AmeriDebt* case. Pukke maintains that the statements show that the judge is impermissibly biased against him.

Mandamus relief is a drastic remedy that should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795.

"A district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for a writ of mandamus." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). However, because Pukke did not appeal from the denial of his motion for recusal and instead filed a mandamus petition, he must show more than merely grounds for reversal. *See In re Moody*, 755 F.3d 891, 898 (11th Cir. 2014). A federal judge is required to recuse

2

himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2018). Specifically, he should disqualify himself in circumstances "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1) (2018).

Nevertheless, "judicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (internal quotation marks omitted). Further, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial remarks during the course of a trial may support a bias challenge if those remarks demonstrate pervasive bias "so extreme as to display clear inability to render fair judgment." *Id.* at 551.

We conclude that Pukke is not entitled to mandamus relief. The statements Pukke relies on as evidence of bias were all made during the course of—and based on facts adduced through—proceedings in which Pukke's credibility is, or was, a central issue. Furthermore, Judge Messitte's statements do not demonstrate extreme and pervasive bias rendering fair judgment impossible. Accordingly, we deny Pukke's petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3